By the Couet.
 

 The relator, Elmer Bond, was appointed by the director of highways as a laborer in charge of a division of the department of highways and during the period from January 16, 1939, to February 15, 1939, inclusive, performed .full time services in connection with his employment, for which he has received $118.95, but claims he is entitled to receive $135. Relator seeks a writ of mandamus compelling the respondents to issue a voucher and a warrant, respectively, for the difference amounting to $16.05, which he claims is due him “under the provisions of Section 1181
 
 -2b,
 
 ’ ’ General Code. The director of highways and the auditor of state in their answer challenge the constitutionality of that section.
 

 On May 16, 1938, the Governor issued a proclamation reciting Section 8, Article III of the Constitution of Ohio, and calling the 92nd General Ass'embly into extraordinary session on Monday, May 16, 1938, “to make necessary provision for poor relief.”
 

 On June 24, 1938, the Governor issued a subsequent proclamation or special message to the General As
 
 *362
 
 sembly, suggesting that a constitutional amendment be placed upon the August primary ballot for the purpose of relieving all real estate improvements made in the following two years from all taxes for a period of five years, to stimulate building activities and employment. No other public proclamation or message to the General Assembly was issued by the Governor during that special session.
 

 On July 2, 1938, Sections 1181-2a and 1182-2&, General Code (117 Ohio Laws, 906, 908), were enacted as a part of Amended House Bill No. 893, the pertinent portions of the title of which act read: “To increase the compensation of the members of the highway patrol, to make an appropriation therefor, to standardize and fix minimum salaries of state highway employees,- *
 
 *
 

 Section 8, Article III of the Constitution, reads: “The Governor on extraordinary occasions may convene the General Assembly by proclamation and shall state in the proclamation the purpose for which such special ses'sion is called, and no other business shall be transacted at such special session except that named in the proclamation, or in a subsequent public proclamation, or message to the General Assembly issued by the Governor during s'aid special session, but the General Assembly may provide for the expenses of the session and other matter incidental thereto. ’ ’
 

 Section 1182-2&, General Code, does not fall within the purposes stated in the proclamations issued in connection with the Third Special Ses'sion of the 92nd General Assembly, and that section therefore lacks constitutional validity.
 
 State, ex rel. Ach,
 
 v.
 
 Braden,
 
 125 Ohio St., 307, 181 N. E., 138, and
 
 State, ex rel. Boyd,
 
 v.
 
 Tracy, Auditor of State,
 
 128 Ohio St., 242, 190 N. E., 463.
 

 
 *363
 
 The demurrer to the answer is overruled and a writ of mandamus is denied.
 

 Writ denied.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.